UNITED STATES DISTRICT COURT
Western District of New York BUFFALO DIVISION

*Fatima-Bahallah Fisher*, *a living woman,*
*in propria persona and sui juris,*
PLAINTIFF

vs.

**M&T BANK CORPORATION,**
A New York Banking Corporation headquartered
in Buffalo, NY,
DEFENDANT

Case No.:

**26 CV 1065**



## COMPLAINT

Plaintiff Fatima-Bahallah Fisher, appearing in propria persona and sui juris, alleges the following against Defendant M&T Bank Corporation:

## I. INTRODUCTION

This is an action in equity arising from Defendant's exercise of exclusive dominion and control over accounts, Treasury Management services, records, fees, and banking operations associated with Plaintiff, while simultaneously restricting Plaintiff's access to the accounts and continuing to impose cumulative charges, fees, and operational restraints.

Plaintiff seeks equitable relief including accounting, restitution, declaratory relief, disgorgement of improperly retained funds, and such other relief as conscience, equity, and good faith require.

The matters complained of are peculiarly within the jurisdiction of equity because Defendant maintained sole possession and control of the transactional records, internal determinations, fee calculations, restriction codes, Treasury Management controls, ACH determinations, and compliance decisions giving rise to the injuries herein.

Plaintiff has no plain, adequate, or complete remedy at law because the precise nature, calculation, justification, sequencing, and accumulation of the disputed fees, restrictions, and transactional determinations remain exclusively within Defendant's possession and knowledge, despite repeated demands for accounting and reconciliation.

Defendant approved and established Treasury Management and banking services for Plaintiff, accepted the relationship, enabled operational activity, and thereafter imposed restrictions, freezes, fee accumulations, and service interruptions while denying Plaintiff meaningful access, meaningful opportunity to cure, or meaningful ability to mitigate damages.

Defendant thereafter refused to provide a full accounting, refused meaningful administrative resolution, and refused participation in arbitration proceedings initiated before JAMS, thereby necessitating judicial intervention by this Court sitting in equity.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and other applicable federal and state laws.

6. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business and corporate headquarters in Buffalo, New York.

7. Many of the acts, decisions, communications, compliance determinations, and customer advocacy actions giving rise to this dispute originated from Buffalo, New York.

## III. PARTIES

8. Plaintiff Fatima-Bahallah Fisher is a natural living woman and resident of Pennsylvania who maintained banking and Treasury Management relationships with Defendant.

9. Defendant M&T Bank Corporation is a banking institution headquartered at One M&T Plaza, Buffalo, New York 14203.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff established banking relationships and Treasury Management services with Defendant for operational, business, and trust-related purposes.

11. Defendant approved Treasury Management enrollment and related banking services and transmitted confirmations and onboarding documentation to Plaintiff.

12. Plaintiff relied upon Defendant's approvals, systems, onboarding, and operational guidance in conducting financial activities.

13. After approving the relationship and services, Defendant imposed restrictions and freezes upon accounts associated with Plaintiff.

14. Defendant restricted Plaintiff's ability to access and manage the accounts for extended periods of time.

15. During these periods of restricted access, Defendant continued assessing service charges, overdraft fees, returned-item fees, Treasury Management fees, and other account-related charges.

16. Defendant assessed fees in amounts that substantially depleted account balances while Plaintiff lacked meaningful ability to prevent, mitigate, monitor, or timely respond to the accumulating charges.

17. Defendant assessed Treasury Management-related fees while simultaneously suspending or terminating Treasury Management access and services.

18. Defendant rejected or blocked ACH-related activity and interrupted banking operations connected to Plaintiff's accounts.

19. Defendant refused to remove account freezes despite repeated communications and requests by Plaintiff.

20. Plaintiff repeatedly requested explanations, assistance, account review, fee waivers, and accounting information from Defendant.

COMPLAINT - 2

21. Defendant repeatedly responded with standardized or conclusory statements asserting that "no error occurred" and that the matter was considered closed.

22. Defendant failed to provide a complete and meaningful accounting reconciling:

    a. all fees assessed;

    b. all restrictions imposed;

    c. all rejected transactions;

    d. all ACH interruptions;

    e. all Treasury Management actions; and

    f. the cumulative depletion of account balances.

23. Plaintiff filed complaints with regulatory and administrative agencies, including the Consumer Financial Protection Bureau and the New York State Department of Financial Services.

24. The New York State Department of Financial Services ultimately relied upon Defendant's responses and closed the matter without requiring a full accounting or independent reconciliation of the disputed conduct.

25. Plaintiff thereafter initiated arbitration proceedings before JAMS in good faith pursuant to the governing agreements.

26. Defendant, through counsel, expressly refused to participate in the JAMS arbitration proceedings and directed Plaintiff to pursue judicial remedies instead.

27. Defendant's conduct caused Plaintiff substantial financial harm, operational disruption, loss of access to funds, loss of business opportunities, emotional distress, administrative burden, and continuing damages.

## V. FIRST CAUSE OF ACTION

### (Breach of Contract)

28. Plaintiff incorporates all prior paragraphs.

29. Defendant owed contractual duties of good faith, fair dealing, reasonable banking practices, and commercially reasonable account administration.

30. Defendant breached those duties by:

    a. imposing prolonged restrictions;

    b. assessing excessive fees during restricted access;

    c. failing to provide meaningful notice and opportunity to cure;

    d. obstructing account operations; and

    e. failing to provide adequate accounting.

31. Plaintiff suffered damages as a direct result.

COMPLAINT - 3

## VI. SECOND CAUSE OF ACTION

### (Failure to Account)

32. Plaintiff incorporates all prior paragraphs.

33. Defendant maintained exclusive control over account records, fee calculations, restrictions, Treasury Management actions, and transaction determinations.

34. Despite repeated requests, Defendant failed to provide a full and meaningful accounting reconciling the disputed conduct and accumulated fees.

35. Plaintiff suffered damages as a result.

## VII. THIRD CAUSE OF ACTION

### (Conversion)

36. Plaintiff incorporates all prior paragraphs.

37. Defendant exercised dominion and control over funds associated with Plaintiff's accounts through fee assessments, restrictions, transaction denials, and account depletion.

38. Defendant retained and applied funds in a commercially unreasonable and unauthorized manner.

39. Plaintiff suffered damages as a direct result.

## VIII. FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

40. Plaintiff incorporates all prior paragraphs.

41. Defendant benefited financially through the continued assessment and retention of fees during periods in which Plaintiff lacked practical access to account management and mitigation.

42. Equity and good conscience require restitution.

## IX. FIFTH CAUSE OF ACTION

### (Equitable Accounting)

43. Plaintiff repeats and incorporates all prior allegations.

Defendant exercised exclusive possession, custody, dominion, and control over:
a. account ledgers;
b. fee calculations;
c. Treasury Management determinations;
d. ACH determinations;
e. freeze and restriction codes;
f. internal compliance decisions; and
g. transactional sequencing.

COMPLAINT - 4

44. Plaintiff repeatedly demanded a complete accounting and reconciliation of all disputed charges, restrictions, fees, reversals, ACH interruptions, and Treasury Management actions.

45. Defendant failed and refused to provide a complete accounting.

46. Due to the complexity of the transactions, asymmetry of information, and Defendant's exclusive control over the relevant records, Plaintiff is entitled to an equitable accounting under the inherent powers of this Court.

## X. SIXTH CAUSE OF ACTION

### (Constructive Fraud / Breach of Conscience)

47. Plaintiff repeats and incorporates all prior allegations.

48. Defendant approved and enabled the banking relationship, Treasury Management structure, and operational activity at issue, while possessing superior knowledge, superior control, and superior access to banking systems and compliance mechanisms.

49. Defendant thereafter restricted access, accumulated charges, interrupted operations, and depleted account balances while Plaintiff lacked practical ability to prevent further harm.

50. Equity will not permit a party possessing superior control over funds, systems, and records to benefit from conditions created and maintained substantially by its own conduct.

51. Defendant's conduct constitutes commercially unreasonable conduct, constructive fraud, and conduct contrary to equity, conscience, and good faith.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court, sitting in equity:

A. Compel Defendant to provide a full and complete accounting of all disputed transactions, restrictions, fees, Treasury Management actions, ACH determinations, and internal account actions;

B. Order restitution and disgorgement of improperly retained fees and charges;

C. Declare the rights, duties, and obligations of the parties concerning the disputed account restrictions and fee practices;

D. Award compensatory damages in an amount to be determined at trial;

E. Award equitable relief necessary to prevent unjust enrichment;

F. Award costs, interest, and such other and further relief as equity and good conscience require.

## XI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Fatima-Bahallah Fisher

Plaintiff, sui juris

in propria persona

Date: ___5/19/2026___

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint, together with all accompanying pleadings and exhibits, shall be served in accordance with the Federal Rules of Civil Procedure upon Defendant through its registered agent and/or authorized counsel upon issuance of summons by the Clerk of Court.

Service shall be directed to:

CT Corporation System
Registered Agent for M&T Bank Corporation
28 Liberty Street
New York, NY 10005

and/or

M&T Bank Corporation
One M&T Plaza
Buffalo, New York 14203

Respectfully submitted,

Fatima-Bahallah Fisher
Plaintiff, sui juris
in propria persona

Date: ___5/19/2026___

# FATIMA BAHALLAH FISHER ™

May 19, 2026
~~December 3, 2025~~

**Clerk of Court**
U.S. District Court
Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re: Filing of Civil Complaint – Fisher v. M&T Bank Corporation

Dear Clerk:

Enclosed please find for filing:

1.   Original Complaint with Certificate of Service

2.   Civil Cover Sheet (JS-44)

3.   Application to Proceed In Forma Pauperis (AO 239) with Affirmations

4.   Summons

5.   Registration and Consent for E-Service

6.   US Marshalls Paperwork If required.

7.   Copies for stamping and return

Please issue the summons and return a stamped copy to me in the enclosed envelope.

Respectfully,
**Fatima-Bahallah Fisher**
**469-337-4800**

1800 Ashbourne Road #30225   Elkins Park, Pennsylvania 19027

Page 1 of 1





Refusal to Arbitrate

Manufacturers and Traders Trust Company, One M&T Plaza, Buffalo, New York 14203 PH (716) 842-5227 FX (716) 842-5376
e-mail: smoar@mtb.com

Stacey L. Moar, Esq.
Senior Vice President and Associate General Counsel

April 21, 2026

**VIA EMAIL ONLY (cbrancato@jamsadr.com)**
Christopher Brancato
Senior Arbitration Practice Specialist
JAMS

Re:    **Keys 2 It All/Fatimah- Bahallah Fisher; JAMS Ref No. 5425005105**

Dear Mr. Brancato:

We are in receipt of an arbitration demand from Fatima-Bahallah Fisher that was filed on behalf of an entity known as "Keys 2 It All." That entity is an M&T customer and the claim brought belongs to the entity. As such, M&T Bank's Commercial Deposit Account Agreement ("CDAA") controls and importantly the CDAA does not provide for arbitration as a dispute resolution method. While M&T has an arbitration provision in its General Deposit Account Agreement that agreement relates only to consumer accounts, not business or commercial accounts. Ms. Fisher is mischaracterizing it as a consumer claim, but as it is brought on behalf of a business entity it is not a consumer claim.

As such, M&T is declining to participate in the arbitration filed with JAMS. Ms. Fisher can avail herself of the standard judicial process if she wishes to make a claim against M&T related to Keys 2 It All.

Very truly yours,

Stacey L. Moar, Esq.

Cc: Fatima-Bahallah Fisher (Fatima@keys2itall.com)

JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Fatima-Bahallah Fisher
1800 Ashbourne Road 30225 Elkins Park. PA 19027

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

M & T Bank
One M&T Plaza Buffalo. NY 14203

County of Residence of First Listed Defendant   Buffalo New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**26 CV 1065**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
12 USC 411 - 412, UCC 3-420 BREACH OF CONTRACT

Brief description of cause:
Breach of Contract Failure to Account Conversion Unjust Enrichment Commercially Unreasonable Banking Conduct Declaratory Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  05/19/2026

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FATIMA BAHA ALLAH FISHER TRUST
1800 ASHBOURNE ROAD #30225
ELKINS PARK, PA 19027

US DISTR

WESTERN

2 NIAG

BUFFAL

USDC - WDNY

MAY 2 2 2026

BUFFALO

New Case Opening

CT COURT

DISTRICT OF NY

ARA SQUARE

LO, NY 14202